UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
NEIL SANFT AND MADELYN SANFT,

                           Plaintiffs,

    -against-

JEWELRY DESIGNER
SHOWCASE, INC., THE ESTATE OF ARTHUR
D'ANNUNZIO, AND PPAD INC. &
ASSOCIATES,

                           Defendants.
------------------------------------------------------------------ x

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND DISMISSING COMPLAINT**

24 Civ. 4264 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiffs Neil Sanft and Madelyn Sanft ("Plaintiffs") move for a default judgment against Defendant the Estate of Arthur D'Annunzio ("D'Annunzio"). Plaintiffs' motion is denied, and sua sponte, I dismiss the complaint with leave to file a second amended complaint.

    Plaintiffs commenced this action on June 4, 2024 against Defendants Jewelry Designer Showcase, Inc. ("JDS"), Arthur D'Annunzio, and PPAD Inc. & Associates ("PPAD"). Defendant D'Annunzio died, and Maria Montalbano as the Administrator of the Estate of Arthur D'Annunzio was substituted. JDS filed for bankruptcy, causing the action to be stayed against JDS. No attorney has appeared for either the Estate or PPAD, and both Defendants failed to file and answer. On September 18, 2025 the Clerk of Court entered a certificate of default as to the Estate, and this motion for default followed. Plaintiff alleges damages in the amount of $671,848.00.

    A court may "enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). However, the court need not agree that those allegations constitute a valid cause of action

and is "required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The legal sufficiency of the moving party's claims "is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), aided by the additional step of drawing inferences in the movant's favor." *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019).

Plaintiffs seek default judgment against D'Annunzio for breach of share redemption agreements pursuant to a Stock Subscription Agreement. However, the contract was with JDS, and Defendants D'Annunzio and PPAD are not parties to the contract, so they cannot be held liable for its breach. Plaintiffs' allegations that D'Annunzio was a principal of JDS are insufficient. The law "disfavors disregard of the corporate form … because the essential purpose behind corporations and other fictive entities is to give them a separate legal existence from the natural persons who own them and from other legal entities." *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, 714 F. Supp. 3d 416, 439 (S.D.N.Y. 2024) (citations omitted). To obtain judgment against D'Annunzio or PPAD, Plaintiffs must allege sufficient facts to support piercing the corporate veil and holding D'Annunzio and PPAD liable for JDS's actions. Plaintiffs failed to do so.

Plaintiffs make other allegations of fraud in the inducement. Plaintiffs allege that D'Annunzio conditioned receipt of payment pursuant to the share redemption agreement on Plaintiffs hiring a new attorney, which D'Annunzio promised to pay for as an alleged inducement. Amended Compl. ¶¶ 36-37. This statement, nor any other statements identified in the amended complaint, does not allege fraud because Plaintiffs had already entered into the contract at issue. Plaintiffs argue that D'Annunzio's statements induced them to wait longer before pursuing their

breach of contract claims but that does not state a claim for fraud or entitlement to contract damages.

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard for fraud requiring the party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004).

Plaintiffs fail to meet this standard. The only statement the amended complaint identifies as inducing Plaintiffs is the above noted statement related to obtaining new legal counsel. Amended Compl. ¶¶ 36-37. Plaintiffs fail to identify where or when the statement was made and fail to properly allege why the statement was fraudulent for the reasons discussed previously.

Plaintiffs' motion for default judgment is hereby DENIED and the claims against D'Annunzio and PPAD are DISMISSED with leave to file a second amended complaint by November 21, 2025.

By November 21, 2025, Plaintiffs shall also advise the Court as to whether they have filed a claim in JDS's bankruptcy proceedings and, if so, why the case against JDS shall not be dismissed.

The Clerk of Court shall terminate ECF No. 37.

SO ORDERED.

Dated:   November 3, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge